## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CERTAINTEED CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-400-WBV-KWR** |
| **DOROTHY MAYFIELD** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss or, Alternatively, Stay Proceedings, filed by defendant, Dorothy Mayfield.[1]  Plaintiff, CertainTeed Corporation, opposes the Motion.[2]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This is an action to enforce an indemnity provision contained in a Release entered into by the parties.  On January 18, 2019, CertainTeed Corporation filed a Complaint for Declaratory Judgment in this Court, asking that the defendant, Dorothy Mayfield, be required to indemnify CertainTeed for any damages awarded against it in an action pending in state court for the alleged wrongful death of CJ Mayfield, and to reimburse CertainTeed's attorney's fees, court costs and related

---

[1] R. Doc. 12.

[2] R. Doc. 16.  On October 30, 2019, CertainTeed filed a Motion For Substitution of DBMP LLC for Plaintiff CertainTeed. (R. Doc. 23).  CertainTeed asserted that, as a result of corporate restructuring on October 23, 2019, CertainTeed Corporation ceased to exist and a new entity, DBMP LLC, succeeded to certain assets and liabilities of CertainTeed, including the right to indemnity in this case. (*Id*. at ¶ 2).  The Court granted the unopposed Motion For Substitution on November 4, 2019, thereby substituting DBMP LLC in the place of CertainTeed. (R. Doc. 27).  Although DBMP LLC is the real party in interest in this case, the instant Order and Reasons refers to CertainTeed to avoid confusion based upon the briefs of the parties.

litigation expenses incurred as a result of the state court proceeding.[3]  CertainTeed

asserts that Mrs. Mayfield is the surviving spouse of CJ Mayfield, who was diagnosed

with malignant squamous cell carcinoma in March 2015.[4]  On April 29, 2015, Mr. and

Mrs. Mayfield sued several defendants in Louisiana state court, including

CertainTeed, alleging that Mr. Mayfield's cancer was caused by exposure to asbestos-

containing products manufactured, sold or distributed by several entities, including

CertainTeed.[5]  CertainTeed asserts that Mr. and Mrs. Mayfield resolved their claims

against it on February 23, 2016, and signed a release (the "Release"), which contains

the indemnity clause at issue in this case.[6]  CertainTeed contends that, by signing

the Release, Mr. and Mrs. Mayfield agreed to indemnify CertainTeed for any all

future claims brought against CertainTeed that relate to or may result from or arise

out of Mr. Mayfield's exposure to asbestos-containing products that were

manufactured, distributed, supplied or sold by CertainTeed.[7]

Mr. Mayfield subsequently died on November 22, 2016.[8]  CertainTeed claims

that on May 19, 2017, it was served with an amended state court petition, in which

Mr. Mayfield's surviving children seek wrongful death damages from the defendants,

including CertainTeed, as a result of Mr. Mayfield's death.[9]  CertainTeed asserts that

Mrs. Mayfield also asserted wrongful death claims against some of the defendants,

---

[3] R. Doc. 1.

[4] *Id*. at ¶¶ 6 & 7.

[5] *Id*. at ¶ 8 (*citing* R. Doc. 1-1).

[6] R. Doc. 1 at ¶¶ 10-12 (*citing* R. Doc. 1-2 at p. 1).

[7] R. Doc. 1 at ¶ 12 (*quoting* R. Doc. 1-2 at p. 1).

[8] R. Doc. 1 at ¶ 13.

[9] *Id*. at ¶ 14 (*citing* R. Doc. 1-3); R. Doc. 1 at ¶ 16.

but did not assert such claims against CertainTeed.[10]  Based upon the terms of the Release, on August 15, 2018, CertainTeed sent a written demand for indemnification and payment to Mrs. Mayfield, through her counsel, for the wrongful death claims asserted by her children.[11]  Mrs. Mayfield had not responded to CertainTeed's request as of the date it filed the Complaint for Declaratory Judgment, January 18, 2019.[12]

On March 14, 2019, Mrs. Mayfield filed the instant Motion to Dismiss or, Alternatively, Stay Proceedings, asking the Court to either dismiss the case or stay the case until the conclusion of the pending state court litigation.[13]  Mrs. Mayfield asserts that the Complaint fails to state a claim upon which relief can be granted because the purported indemnity agreement, on its face, does not apply to the wrongful death claims brought by the Mayfield's adult children.[14]  Mrs. Mayfield contends that her children did not sign the Release or enter into any agreement with CertainTeed.  Mrs. Mayfield also asserts that the Release only applies to claims arising from the losses sustained by the settling parties, not unidentified third persons.  Mrs. Mayfield points out that the wrongful death action allows the Mayfield's adult children to recover for their own losses.  Mrs. Mayfield maintains that she and her husband only resolved their claims against CertainTeed, not the claims of the children.  Mrs. Mayfield claims that, had she brought a wrongful death claim against CertainTeed, the indemnity agreement would have applied.  Mrs.

---

[10] R. Doc. 1 at ¶ 17.
[11] *Id*. at ¶ 18.
[12] *Id*. at ¶ 19.
[13] R. Doc. 12.
[14] R. Doc. 12-1 at p. 2.

Mayfield argues that CertainTeed fails to state a claim because the indemnity agreement does not apply to wrongful death claims asserted by third persons who were not parties to the settlement agreement.  Alternatively, Mrs. Mayfield asks the Court to stay this matter until the conclusion of the state court proceeding, which she claims constitutes a parallel proceeding.[15]

CertainTeed opposes the Motion, asserting that the Court should deny the Motion and exercise its authority to grant summary judgment in CertainTeed's favor under Fed. R. Civ. P. 56(f)(1) because the parties agree that the applicability of the indemnity provision is a question of law.[16]  CertainTeed claims that in the Release, Mrs. Mayfield agreed to "indemnify, hold harmless, and defend" CertainTeed "from and against *any and all . . . lawsuits* (including the lawsuit identified above) related to, resulting from, or arising out of Mr. Mayfield's injuries caused by his exposure to asbestos products manufactured, sold or distributed by CertainTeed.[17]  CertainTeed claims it is undisputed that the wrongful death claims brought by the Mayfield's adult children are related to, result from and arise out of Mr. Mayfield's exposure to asbestos products manufactured, sold or distributed by CertainTeed.  CertainTeed contends that the indemnification agreement is not limited to claims brought by Mr. or Mrs. Mayfield, and applies to "any and all" lawsuits brought by anyone.[18] CertainTeed argues that Mrs. Mayfield released her claims against CertainTeed,

---

[15] *Id*. at pp. 2-4 (quoting *Clarendon Am. Ins. Co. v. Faulk & Foster Real Estate Servs.*, Civ. A. No. 04-1923, 2005 WL 1523332, at *2 (W.D. La. June 24, 2005)).

[16] R. Doc. 16 at pp. 1-2.

[17] *Id*. at p. 5 (quoting R. Doc. R. Doc. 1-2) (emphasis added by CertainTeed).

[18] R. Doc. 16 at p. 5.

including future wrongful death claims, agreed to dismiss her pending lawsuit against CertainTeed with prejudice, and separately agreed to defend and indemnify CertainTeed if anyone sued CertainTeed related to Mr. Mayfield's alleged asbestos exposure.  While CertainTeed agrees with Mrs. Mayfield that the Release does not affect the Mayfield's adult children's ability to pursue wrongful death claims because they were not parties to the Release, CertainTeed maintains that it is entitled to defense and indemnification for that lawsuit from Mrs. Mayfield under the terms of the Release.[19]

CertainTeed further asserts that the question before the Court—whether  the indemnity provision applies to the wrongful death claims filed by Mrs. Mayfield's children—is  a legal one, and that there is no further evidence that will help the Court resolve the issue.[20]  CertainTeed argues that, under Fed. R. Civ. P. 56(f)(1), the Court may, on notice, grant summary judgment in favor of a non-movant.[21]  Because there is no factual dispute in this case, CertainTeed asserts that the Court should exercise its discretion to not simply deny Mrs. Mayfield's Motion to Dismiss, but to grant summary judgment in favor of CertainTeed, holding that Mrs. Mayfield is obliged to defend and indemnify CertainTeed for the wrongful death claims pending against it in state court.[22]

Lastly, CertainTeed claims there is no basis to stay this matter because, contrary to Mrs. Mayfield's assertion, there is no parallel state court proceeding

---

[19] R. Doc. 16 at pp. 5-6.
[20] *Id*. at p. 6.
[21] *Id*. at p. 7.
[22] *Id*.

involving the same parties and the same issues.[23]  CertainTeed asserts that while

Mrs. Mayfield and CertainTeed are parties to the state court proceeding, Mrs.

Mayfield has not sued CertainTeed, nor has CertainTeed filed counter-claims against

Mrs. Mayfield.[24]  CertainTeed further claims that the state court proceeding does not

involve parallel issues, as the state proceeding is an action for wrongful death

damages, while the instant action concerns whether Mrs. Mayfield is obligated to

defend and indemnify CertainTeed, which is an entirely distinct issue and not one

before the state court.  As such, CertainTeed claims that a stay is not warranted in

this case.[25]  CertainTeed claims that it is currently incurring litigation expenses

defending the wrongful death claims, and that there is no reason to wait until the

state court proceeding concludes to determine whether Mrs. Mayfield is required to

cover those expenses.[26]

## II.    LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal

of a complaint, or any part of it, for failure to state a claim upon which relief may be

granted.[27]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[23] *Id.* at p. 8.

[24] *Id.*  Also named as defendants in the state court proceeding are Ferguson Enterprises, Inc. d/b/a Louisiana Utility Supply Company, A Ferguson Subsidiary, Cimsco, Inc., and the City of New Orleans. (R. Doc. 16-3 at pp. 1-2).

[25] R. Doc. 16 at p. 8 (citing *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997)).

[26] R. Doc. 16 at p. 8.

[27] Fed. R. Civ. P. 12(b)(6).

on its face.'"[28]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[30]  "In short, a claim should only be dismissed if a court determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief."[31]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[32]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. [33]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[34]  The Fifth Circuit has held that a motion to dismiss under Rule 12(b)(6) is generally disfavored and is rarely granted.[35]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but

---

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[29] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

[30] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

[31] *Croix v. Provident Trust Group, LLC.*, 2019 WL 6716066 (W.D. Tex. Dec. 9, 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[32] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[33] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[34] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[35] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[36]

## III.   ANALYSIS

### A.  CertainTeed has stated a claim upon which relief may be granted.

As an initial matter, the Court finds that, in determining whether to grant Mrs. Mayfield's Motion to Dismiss, the Court can consider matters outside of the pleadings—the Release—because  it was attached as an exhibit to and referenced in CertainTeed's Complaint for Declaratory Judgment,[37] and because it is central to CertainTeed's action for declaratory judgment.[38]  The Court further finds that, because CertainTeed has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332, the Court must apply the substantive law of the forum state, Louisiana.[39] According to the Fifth Circuit, "A release in a written settlement agreement is subject to the general rules of Louisiana contract interpretation."[40]  Under Louisiana law, "Interpretation of a contract is the determination of the common intent of the parties."[41]  However, "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[42]  Louisiana law also provides that, "The words of a contract must be

---

[36] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[37] *See* R. Docs. 1 & 1-3.
[38] *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[39] *Wiley v. State Farm Fire & Cas. Co.* 585 F.3d 206, 210 (5th Cir. 2009).
[40] *Cambridge Integrated Services Group, Inc. v. Concentra Integrated Services Inc.*, 697 F.3d 248, 255 (5th Cir. 2012) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 637 (5th Cir. 2002)).
[41] La. Civ. Code art. 2045.
[42] La. Civ. Code art. 2046.

given their generally prevailing meaning.  Words of art and technical terms must be

given their technical meaning when the contract involves a technical matter."[43]

Applying the standards that govern a Rule 12(b)(6) motion to dismiss, and

viewing the allegations of the Complaint for Declaratory Judgment in the light most

favorable to CertainTeed, the Court finds that CertainTeed has alleged sufficient

facts in its Complaint for Declaratory Judgment that state a claim for relief that is

plausible on its face.[44]   As CertainTeed points out in both the Complaint for

Declaratory Judgment and its Opposition brief to the instant Motion, the Release

contains the following indemnity provision:

> In further consideration of the above-described payment,
> Releasors agree, individually and jointly, to indemnify,
> hold harmless and defend the Releasee(s) from and against
> any and all claims, demands, causes of action, lawsuits
> (including the lawsuit identified above) and/or judgments
> for contribution or indemnity which are or may be related
> to, or may result from or arise out of, any injuries or losses
> sustained by CJ MAYFIELD or Releasors because of CJ
> MAYFIELD's inhalation or ingestion of, contact with,
> exposure to or use of asbestos fibers, any asbestos
> insulation products or other asbestos-containing products
> which may have at any time been manufactured,
> distributed, supplied, patented, mined, brokered, designed,
> sold or marketed by the Releasee(s), and regardless of
> whether or not any of the aforesaid claims, demands or
> causes of action against the Releasee(s) are based on
> negligence, fault, strict liability, intentional tort, or any

---

[43] La. Civ. Code art. 2047.
[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

other legal basis for which recovery of damages may be sought.[45]

The Release defines the "Releasors" as "CJ MAYFIELD . . . and DOROTHY MAYFIELD, individually and as husband and wife, [who] hereby release and forever discharge, on our behalf and also on behalf of our administrators, assigns, executors, heirs and representatives."[46] The Release defines the "Releasees" as "CertainTeed Corporation (including all of its parent companies, affiliated companies, and corporations subsidiaries, predecessor and successor corporations, and the past, present and the future administrators, directors, officers, agents, employees, insurers and underwriters), and each of the insurers of the Releasee(s) identified above."[47] There has been no claim nor showing that the signed Release is contrary to good morals or public policy.

In the Complaint for Declaratory Judgment, CertainTeed alleges that the foregoing indemnity provision applies to the wrongful death claims asserted by the Mayfield's adult children because they arise out of Mr. Mayfield's death from exposure to asbestos-containing products.[48] Mrs. Mayfield asserts that CertainTeed fails to state a claim because the indemnity agreement does not apply to wrongful death claims asserted by third persons (the Mayfield's adult children) who were not parties to the settlement agreement.[49]

---

[45] R. Doc. 1 at ¶ 12 (*quoting* R. Doc. 1-2 at p. 1); R. Doc. 16 at pp. 2-3, 5 (*quoting* R. Doc. 16-2 at p. 1).
[46] R. Doc. 1-2 at p.1.
[47] *Id.*
[48] R. Doc. 1 at ¶¶ 12, 14, 18.
[49] R. Doc. 12-1 at p. 2.

Accepting CertainTeed's well-pleaded facts as true, as it is bound to do,[50] the Court finds that CertainTeed has stated a plausible claim for relief.  CertainTeed has alleged that Mrs. Mayfield executed the Release, which contains the foregoing indemnity clause, through which she agreed to indemnify CertainTeed for "any and all claims, demands, causes of action" that "are or may be related to, or may result from or arise out of, any injuries or losses sustained by CJ MAYFIELD . . . because of CJ MAYFIELD's inhalation or ingestion of, contact with, exposure to or use of" asbestos-containing products manufactured, distributed, supplied or sold by CertainTeed.[51]  The Court finds that CertainTeed has pled sufficient facts to state a claim for relief that is plausible on its face.

Based on the foregoing, and because Rule 12(b)(6) motions to dismiss are generally disfavored and rarely granted,[52] the Court denies Mrs. Mayfield's Motion to Dismiss to the extent she seeks dismissal of this case.

### B. Mrs. Mayfield has not shown that a stay of this proceeding is warranted.

Alternatively, Mrs. Mayfield asks the Court to stay this proceeding until the conclusion of the underlying state court litigation, asserting that a stay is warranted due to the parallel state court action.[53]  CertainTeed asserts that there is no basis for

---

[50] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[51] R. Doc. 1-2 at p. 1.
[52] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).
[53] R. Doc. 12-1 at p. 2.

a stay in this case because the federal and state cases are not parallel, as they do not involve the same parties and the same issues.[54]

It is well settled in this Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action.[55]  While this discretion is broad, the Fifth Circuit has cautioned that it is not unfettered.[56]  The Fifth Circuit further instructed that, "[U]nless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion."[57]  In determining whether to exercise jurisdiction over a suit for declaratory judgment when there is also a pending state court proceeding, the Supreme Court has instructed district courts to consider whether the federal case involves the same parties and the same issues as the state proceeding.[58] The Fifth Circuit has provided specific guidance that, "[I]n order to consider the propriety of a stay pending disposition of state court actions, the federal and state cases must be parallel, meaning that they involve the same parties and the same issues."[59]

The Fifth Circuit has held that district courts must consider the following six non-exclusive factors in determining whether to abstain in a declaratory judgment action: (1) whether there is a pending state court action in which all of the matters in

---

[54] R. Doc. 16 at p. 8.
[55] *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (citations and footnote omitted).
[56] *Id.*
[57] *Id.* (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 30 (5th Cir. 1989)).
[58] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283, 115 S.Ct. 2137, 2141, 132 L.Ed.2d 214 (1995).
[59] *Exxon Corp. v. St. Paul Fire and Marine Ins. Co.*, 129 F.3d 781 (1997) (citing *Hartford Accident & Indemnity Company v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 260 (5th Cir. 1990)).

controversy can be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.[60]

After reviewing the foregoing factors, the Court agrees with CertainTeed that a stay is not warranted because this case and the state court case are not parallel proceedings. Although Mrs. Mayfield and CertainTeed are also parties in the state court proceeding and the state court could determine whether Mrs. Mayfield has a duty to defend CertainTeed against the wrongful death claims under the Release, that issue has not been raised in the state court proceeding. Thus, resolution of the wrongful death claims asserted in the state court proceeding will have no direct bearing on Mrs. Mayfield's duty to defend CertainTeed against those wrongful death claims.

Even if the two proceedings were parallel, the Court declines to stay this proceeding because a majority of the six factors enumerated by the Fifth Circuit weigh against abstention. With respect to the first factor, because the state proceeding is still pending, the state court could determine the sole issue before this Court—whether Mrs. Mayfield has a duty to defend CertainTeed from the wrongful death claims filed by Mr. Mayfield's surviving children. Thus, the Court finds this

---

[60] *Travelers Ins. Co. v. Louisiana Farm Bureau Federation Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983)).

factor weighs in favor of abstention.  The second factor, whether CertainTeed filed this lawsuit in anticipation of litigation, weighs against abstention.  It is undisputed that CertainTeed filed its Complaint for Declaratory Judgment on January 18, 2019, well after the Mayfield's adult children filed their wrongful death claims against CertainTeed on May 19, 2017.[61]  While this timeline would normally weigh in favor of abstention,[62] because CertainTeed's purported right to indemnity did not arise until the Mayfield's adult children filed their wrongful death claims, the Court concludes that CertainTeed did not file this suit in anticipation of litigation.

Turning to the third factor, it does not appear that CertainTeed engaged in forum shopping.  The events giving rise to the underlying litigation occurred within the Eastern District of Louisiana, Mrs. Mayfield is domiciled within the Eastern District of Louisiana, and CertainTeed is a Delaware corporation with its principal place of business in Pennsylvania.[63]  Further, the Fifth Circuit has held that, "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it . . . is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping."[64]  Mrs. Mayfield concedes that, "there is no evidence that CertainTeed engaged in forum-shopping."[65]  Because the Court finds no evidence to support that

---

[61] R. Doc. 1 at ¶ 14.
[62] *See Landmark American Ins. Co. v. Cat and Dog Inc.*,  Civ. A. No. 09-7496, 2010 WL 3398890, at \*3 (E.D. La. Aug. 24, 2010) (finding the second factor weighed in favor of abstention when plaintiff sought a declaratory judgment "well after" it was named a defendant and answered a cross-claim in the state court proceeding, and while actively participating in discovery on the state claim).
[63] R. Doc. 1 at ¶¶ 1 & 2.
[64] *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003); *See Branton Tools, LLC v. Exco Operating Co., LP*, Civ. A. No. 14-2417, 2015 WL 4662004, at \*6 (W.D. La. Aug. 5, 2015)  (citing *Sherwin-Williams Co.*, 343 F.3d at 391).
[65] R. Doc. 12-1 at p. 3.

CertainTeed elected this forum to gain some sort of advantage over Mrs. Mayfield, the Court finds this factor weighs against abstention. The fourth factor, whether possible inequities exist by allowing CertainTeed to gain precedence in time or to change forums, also weighs against abstention. There is no indication that CertainTeed is gaining a precedence in time or by having the indemnity issue determined by this Court. As previously mentioned, there is no evidence before the Court that the issue of indemnity has been raised in the state court proceeding. Consequently, there is no possibility of inconsistent or incompatible rulings on the issue.[66] The Court, therefore, finds that this factor weighs against abstention.

With respect to the fifth factor, whether the federal court is a convenient forum for the parties and witnesses, the Court notes that both the state court where the state proceeding is pending and the federal court are located in New Orleans. As such, the federal court would be no more convenient than state court.[67] Since the state and federal forums are equally convenient, this factor is neutral.[68] However, regarding this fifth factor, the Court notes that the parties have filed cross motions for summary judgment, asserting that the only dispute before the Court is a legal one—whether the indemnity provision of the Release requires Mrs. Mayfield to indemnify CertainTeed for the wrongful death claims brought by her children.[69] As

---

[66] *See Branton Tools, LLC,* , Civ. A. No. 14-2417, 2015 WL 4662004, at *7 (finding the fourth factor weighed heavily in favor of abstention where there was a possibility of inconsistent or incompatible rulings on the potential fault or negligence of the defendants, which could lead to a possible inequality as to the change of forum).

[67] *Landmark American Insur. Co. v. Cat and Dog, Inc.,* Civ. A. No. 09-7496, 2010 WL 3398890, at *3 (E.D. La. Aug. 24, 2010).

[68] *Clarendon Am. Ins. Co. v. Faulk & Foster Real Estate Servs.,* Civ. A. No. 04-1923, 2005 WL 1523332, at *2 (W.D. La. June 24, 2005).

[69] *See* R. Doc. 31-2 at p.6; R. Doc. 40-1 at p. 4.

such, this suit will likely be resolved based upon the pleadings and documents already submitted, and will not require the attendance of out of town parties or witnesses. Finally, the Court finds that the sixth factor, judicial economy, weighs against abstention. This action is ripe for complete resolution on the cross motions for summary judgment, which will result in a decision regarding whether the indemnity provision in the Release applies to the wrongful death claims asserted by Mr. Mayfield's surviving children in state court. Refusing to exercise jurisdiction over this suit will force the parties to duplicate their efforts by re-urging the same arguments on the issue of indemnity in the state court proceeding.[70] The Court finds that such a result would only postpone a decision that can be made by this Court without further delay.

Based on the foregoing analysis, the Court finds that a stay is not warranted under the six-factor test enumerated by the Fifth Circuit.[71] Accordingly, the Court denies Mrs. Mayfield's alternative request to stay this matter pending the conclusion of the state court proceeding.

### C. CertainTeed's request for summary judgment is not properly before the Court.

In addition to opposing Mrs. Mayfield's Motion to Dismiss, CertainTeed asserts in its Opposition brief that, "[T]he Court should exercise its discretion to not simply deny Mrs. Mayfield's motion to dismiss, but to grant summary judgment in favor of

---

[70] *See Federal Insur. Co. v. Southwest Materials Inc.*, Civ. A. No. 02-1787, 2003 WL 21634945, at *4 (E.D. La. July 3, 2003).

[71] *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (citations omitted).

CertainTeed, holding that Mrs. Mayfield is obliged to defend and indemnify CertainTeed in the pending wrongful death action."[72]  Relying upon Federal Rule of Civil Procedure 56(f)(1), CertainTeed contends that the Court may, on notice, grant summary judgment in favor of a non-movant.[73]  Mrs. Mayfield did not file a reply brief and, as such, has not responded to CertainTeed's request for summary judgment.

Rule 56(f)(1) provides, in pertinent part, that, "After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant."[74]  CertainTeed has failed to direct the Court's attention to any legal authority, and the Court has found none, to support its position that the Court may grant summary judgment to a litigant based upon a request contained in a response to a motion to dismiss.  Further, while the Court is unable to find jurisprudence from within the Fifth Circuit addressing this issue, other federal courts have concluded that Rule 56(f)(1) cannot be used in the manner requested by CertainTeed.  As explained by one Alabama district court, "Importantly, Rule 56(f)(1) is a tool to be used by the Court; it is not a substitute for filing a motion for, or cross-motion to,

---

[72] R. Doc. 16 at p. 7.
[73] *Id.*
[74] Fed. R. Civ. P. 56(f)(1).

summary judgment."[75]  A district court in Wisconsin further explained that:

> [T]he suggestion that a party could bring a motion for summary judgment under Rule 56(f)(1) would be a contradiction; Rule 56(f)(1) explicitly refers to the court's authority to grant relief for a *non* movant.  If a party moved for summary judgment, by definition, it cannot be considered a nonmovant and thus Rule 56(f)(1) would be inapplicable.[76]

That court went even further, concluding that, "A passing reference to a request for summary judgment in a response brief is not itself a motion for summary judgment. And most certainly, a reference to Fed. R. Civ. P. 56(f)(1), which provides no basis for a party to affirmatively seek relief, is not a motion for summary judgment."[77]  A Michigan district court likewise concluded that, "[W]hile Rule 56(f)(1) codifies a court's authority to sua sponte grant summary judgment to a nonmoving party after providing notice and a reasonable time to respond, Rule 56(f)(1) does not afford parties a separate mechanism for seeking summary judgment."[78]  Relying upon the

---

[75] *Johnson v. State Farm*, Civ. A. No. 12-00534-N, 2013 WL 3818707, at *2 (S.D. Ala. July 23, 2013); *AMEC Environment & Infrastructure, Inc. v. Structural Associates, Inc.*, Civ. A. No. 7:13-CV-21-BO, 2015 WL 1000766, at *4, n.2 (E.D.N.C. Mar. 5, 2015) (citing *Johnson*, Civ. A. No. 12-00534-N, 2013 WL 3818707, at *2).  *See National Exchange Bank & Trust v. Petro-Chemical Sys., Inc.*, Civ. A. No. 11-C-134, 2013 WL 1858621, at *1 (E.D. Wis. May 1, 20, 2013) ("Rule 56(f) exists largely for the convenience of the court to save it from proceeding with trials that it can readily see are unnecessary. It did not create a substitute for a cross-motion to summary judgment."); *Smith v. Amaru*, Civ. A. No. C11-5080 RJB/KLS, 2012 WL 4882257, at *2 (W.D. Wash. Sept. 24, 2012) ("Rule 56(f)(1) is a tool that may be used by the *court* after it has reviewed evidence submitted on summary judgment and after first giving the parties notice and reasonable time to respond.") (citations omitted and emphasis in original), *report and recommendation adopted*, 2012 WL 4882209 (W.D. Wash. Oct. 15, 2012).

[76] *National Exchange Bank & Trust*, Civ. A. No. 11-C-134, 2013 WL 1858621, at *1 (emphasis in original).

[77] *Id.*, Civ. A. No. 11-C-134, 2013 WL 1858621, at *3.

[78] *Hartford Fire Insur. Co. v. Trynex, Inc.*, Civ. A. No. 11-cv-13360, 2013 WL 12183610, at *1 (E.D. Mich. July 25, 2013) (emphasis in original).

foregoing jurisprudence, a Florida district court expressly held that, "A party may not move for summary judgment under Rule 56(f)(1)."[79]

The Court finds the foregoing legal authority persuasive.  In the absence of a properly filed motion for summary judgment, the Court declines to consider CertainTeed's request for summary judgment under Fed. R. Civ. P. 56(f)(1).[80]

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss or, Alternatively, Stay Proceedings,[81] filed by defendant, Dorothy Mayfield, is **DENIED.**

New Orleans, Louisiana, April 23, 2020.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[79] *Abreau v. EB & JB Corp.*, Civ. A. No. 14-23266-CIV-LENARD/GOODMAN, 2015 WL 12570946 (S.D. Fla. Dec. 8, 2015) (citing *Johnson*, Civ. A. No. 12-00534-N, 2013 WL 3818707, at *2; *National Exchange Bank & Trust*, Civ. A. No. 11-C-134, 2013 WL 1858621, at *1).
[80] The Court notes that, after filing an Opposition brief to the instant Motion to Dismiss, CertainTeed filed a formal Motion for Summary Judgment, which remains pending before the Court.  (R. Doc. 31). Accordingly, CertainTeed will not be prejudiced by the Court's refusal to consider the instant request for summary judgment contained in its Opposition brief.
[81] R. Doc. 12.